UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| SARAH ETHERIDGE | * | CIVIL ACTION NO.: 23-822 |
| Plaintiff | * | |
| | * | SECTION: "L" (5) |
| VERSUS | * | |
| | * | JUDGE: ELDON E. FALLON |
| | * | |
| DOGENCORP LLC, ET AL | * | MAGISTRATE JUDGE: |
| Defendants | * | MICHAEL B. NORTH |
| | * | |

## ORDER & REASONS

### I.   BACKGROUND

This case arises out of an alleged slip and fall accident in a Dollar Store operated by DG Louisiana. Plaintiff Sarah Etheridge ("Etheridge") originally filed her petition in the 22nd Judicial District Court for the Parish of St. Tammany on January 27, 2023, and Defendants (collectively "Dollar General") removed it to federal court asserting diversity jurisdiction. State Petition, R. Doc. 1-2; Notice of Removal, R. Doc. 1. Plaintiff asserts that in April 2022, she fell on her knees at the entrance of the Dollar General location in Covington when her shoe got caught in a defective entrance mat that had a large rip in it. R. Doc. 1-2 at 2. She claims that Dollar General created the dangerous condition by not replacing the damaged floor mat, and that her accident was thus caused by their negligence. *Id.* at 2-3. Etheridge seeks damages for physical pain and suffering, mental anguish and emotional distress, medical expenses, loss of enjoyment of life and loss of wages/earning capacity. *Id.* at 4.

Dollar General generally denies Etheridge's allegations and asserts various defenses, such as Etheridge's failure to mitigate her damages, lack of notice of the allegedly dangerous condition,

1

the Etheridge's pre-existing injuries, and negligence on the part of the Etheridge for failing to avoid an open and obvious condition. R. Doc. 5 at 3-5. Dollar General requests a jury trial, which is presently set for November 13, 2023.

## II. PRESENT MOTIONS

Both Etheridge and Dollar General filed motions for summary judgement and this Order & Reasons will address each in turn. Etheridge filed a motion for partial summary judgment, arguing that Dollar General's negligence was the sole cause of her accident and resulting injuries, and that she is therefore entitled to judgment as a matter of law on the issue of liability. R. Doc. 18. She represents that there are no genuine issues of material fact as to negligence and liability and that trial is only necessary to decide the extent and amount of damages. R. Doc. 18-1 at 1-2. Etheridge argues that she is entitled to summary judgment pursuant to premise liability under La. R.S. §9:2800.6, the Merchant Liability Statute. *Id.* at 6-7. She further urges the Court to sanction Dollar General on spoliation of evidence grounds via an adverse-inference instruction because she alleges that Dollar General destroyed evidence of the torn floor mat as well as CCTV footage from the day in question. *Id.* at 5-6. Dollar General timely filed an opposition in which it responds that Etheridge has failed to meet her burden under R.S. §9:2800.6 to prove that Dollar General had notice of the defective mat and failed to exercise reasonable care. R. Doc. 22 at 12. Moreover, Dollar General argues that there is a question of comparative fault that must be decided for a jury. *Id.* at 17. As for the spoliation claim, Dollar General responds that Plaintiff cannot prove duty to preserve, intentionality, and bad faith. *Id.* at 3-5.

Dollar General's motion moves the Court to grant it summary judgment on the premise liability theory, arguing that Etheridge cannot meet her burden to show that there was an unreasonable risk of harm or that Dollar General had notice, real or constructive, as to the risk. R.

Doc. 19. Emphasizing that Etheridge at all times has the burden of proof with respect to showing premise liability, Dollar General argues that there is no evidence that it created the risk or that it knew about it, relying on the depositions of both Etheridge and the Dollar General store manager on site that day, Mary Robertson. R. Doc. 19-1 at 4-9. Etheridge filed a timely response in opposition, arguing that it is Dollar General's own fault that there is no physical evidence because Dollar General threw out the mat in question and did not preserve CCTV footage of the store that day. R. Doc. 21 at 6-8. Regardless, Etheridge contends that there is enough circumstantial evidence to meet her burden under La. R.S. §9:2800.6, including: (1) Ms. Robertson's deposition testimony stating that the store is highly trafficked, the mats need to be replaced every three to four weeks, and the mat in question hadn't been replaced within the past few weeks; and (2) a record from Dollar General's Daily Planner showing that the area hadn't been swept the night before. *Id.* at 5-6. Defendant's timely reply argues that plaintiff's constructive evidence is speculative at best, and notes that plaintiff has not addressed the fact that Ms. Robertson stated she had performed an inspection the morning of the incident. R. Doc. 27 at 1-2.

### III. APPLICABLE LAW

#### a. Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c*); Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

    b. **Premises Liability**

The Louisiana Merchant Liability Act (LMLA) provides that a merchant "owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. Stat. Ann. § 9:2800.6. The duty includes "a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id.* In a negligence claim against a merchant for injuries arising on the premises, a claimant must prove three elements under the statute: (1) the injury-causing condition created an unreasonable risk of harm and that risk of harm was reasonably foreseeable; (2) the merchant either created the injury-causing condition or had actual or constructive notice of the condition; and (3) the merchant did not exercise reasonable care. *Id.*

In determining whether the condition created an unreasonable risk of harm under element one, courts consider whether the condition was obvious and apparent. *Romano v. Jazz Casino Co., L.L.C.*, No. 21-30554, 2022 WL 989480, at *1 (5th Cir. Apr. 1, 2022) (citing *Dauzat v. Curnest Guillot Logging Inc.*, 995 So. 2d 1184, 1186-87 (La. 2008)). A defendant generally has no duty to protect against apparent and obvious hazards. *Id.* Courts can decide as a matter of law whether a condition presents an unreasonable risk of harm or whether a condition is obvious and apparent. *See Badeaux v. Louisiana-I Gaming*, No. 22-30129, 2023 WL 334783, at *2 (5th Cir. Jan. 20, 2023) (citing *Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 412 (5th Cir. 2017)). The Fifth

Circuit has stated that a mat by the doors of a retail establishment is not, in and of itself, an inherently dangerous situation. *Attaway v. Albertsons Inc.*, 174 F. App'x 240, 242 (5th Cir. 2006).

A merchant is deemed to have "constructive notice" under element two where a condition existed for so long that it would surely have been discovered had the merchant exercised reasonable care. *Id.* "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.* In short, this often constitutes a question of fact to be resolved by a jury. To prove constructive notice under the statute, "the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023) (quoting *White v. Wal-Mart Stores, Inc.*, 97-0393, p. 1 (La. 9/9/97), 699 So. 2d 1081, 1082)).

Under element three, a claimant cannot prove failure to exercise reasonable care by simply pointing to the absence of a written or verbal uniform cleanup or safety procedure. La. Stat. Ann. § 9:2800.6. A merchant can prove exercise of reasonable care by "showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures." *Davis v. Wal-Mart Stores, Inc.*, 2000-0445 (La. 11/28/00), 774 So. 2d 84, 90. Reasonable care is exercised, for example, where a merchant places "wet floor" signs around a spill regardless of whether the claimant notices them. *Foreman v. Circle K Stores, Inc.*, 766 F. App'x 165, 168 (5th Cir. 2019).

### c. Spoliation of Evidence

Spoliation of evidence is "the destruction or the significant and meaningful alteration of evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (quoting *Rimkus Consulting Grp.,*

*Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010)). When evaluating spoliation claims, federal courts with diversity jurisdiction must apply federal evidentiary rules. *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020). A spoliation claim has three elements: "(1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith." *Id.* at 574. Moreover, to receive an adverse-inference instruction based on spoliation of evidence, a party must establish that: "(1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.*

First, the spoliator must have had a duty to preserve evidence. *Id.* The obligation to preserve evidence kicks in when the party charged with spoliation should have reasonably anticipated litigation. *Id.* Identifying when the duty to preserve is triggered is necessarily a fact-intensive inquiry. *Id.* "When a party should reasonably anticipate litigation, it must preserve what it knows, or reasonably should know, is relevant in the action or reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Disedare v. Brumfield*, No. CV 22-2680, 2023 WL 5671998, at *3 (E.D. La. Sept. 1, 2023). In *Van Winkle v. Rogers*, the Fifth Circuit held that that litigation was reasonably foreseeable where the defendant had a duty to preserve a blown-out tire after he learned that the plaintiff's car had been hit by it and the plaintiff was hospitalized and emergency crew and law enforcement were headed to the scene. No. 22-30638, 2023 WL 5994138, at *3 (5th Cir. Sept. 15, 2023). However, the court in *Ross v. Lowe's Home Centers, LLC*, held that the defendant did not have a duty to preserve evidence where the

6

only suggestion of future litigation was the mere existence of an incident. No. CV 15-4162, 2016 WL 4479509, at *1 (E.D. La. Aug. 24, 2016).

Second, the party seeking an adverse-inference instruction must show that the spoliator intentionally destroyed evidence with a culpable state of mind. *Coastal Bridge Co., L.L.C.*, 833 F. App'x at 574. Negligence is not enough to satisfy this element. *Id.* The Fifth Circuit has emphasized that an adverse inference shall only be imposed upon a showing that the spoliator acted in "bad faith." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). Bad faith requires a "purpose of hiding adverse evidence," *id.*, and must be proved with actual "evidence," not "mere allegation[s]." *Hodges v. Mosaic Fertilizer L.L.C.*, 289 Fed. App'x 4, 7 (5th Cir. 2008). However, "a court does have substantial leeway to determine intent through consideration of circumstantial evidence" because "direct evidence of intent rarely exists." *Lou v. Lopinto*, No. CV 21-80, 2022 WL 16685539, at *7 (E.D. La. Nov. 2, 2022).

Third, the destroyed evidence must have been relevant to the charging party's claim. *Coastal Bridge Co., L.L.C.*, 833 F. App'x at 574. Courts have declined to find spoliation where it is not clear that destroyed camera footage captured the relevant incident. *Disedare v. Brumfield*, No. CV 22-2680, 2023 WL 5671998, at *5 (E.D. La. Sept. 1, 2023); *Wright v. National Interstate Insurance Co.*, No. 16-16214, 2017 WL 4011206, at *3 (E.D. La. Sept. 12, 2017).

### IV. DISCUSSION

Because the parties' motions for summary judgment involve two discrete issues—liability and spoliation—the court will address each issue in turn.

#### a. Spoliation

Etheridge must first prove that Dollar General had a duty to preserve evidence, including CCTV footage and the ripped floor mat, when they were destroyed. *Coastal Bridge Co., L.L.C.*,

833 F. App'x at 574. In arguing that a duty existed, Etheridge primarily relies on the fact that Ms. Robertson did not follow Dollar General's standard operating procedures regarding preservation of evidence. R. Doc. 18 at 7-9; Exhibit E. The only case Etheridge relies on to establish that failure to follow one's own operating procedures creates a duty to preserve is *Sayre v. PNK (Lake Charles), LLC*. 2015-859 (La. App. 3 Cir. 3/23/16), 188 So. 3d 428, 444, *writ denied*, 2016-0696 (La. 6/28/16), 192 So. 3d 780. However, *Sayre* discusses Louisiana state evidentiary spoliation law, whereas federal courts sitting in diversity must apply federal evidentiary law. *Coastal Bridge Co., L.L.C.*, 833 F. App'x at 573. Moreover, the issue of bad faith is factually pregnant.

Defendant, in turn, argues that it did not have a duty to preserve evidence because litigation was not reasonably foreseeable. R. Doc. 22 at 4-5. For example, Defendant identifies testimony that Etheridge declined to fill out an incident report. *Id.* at 5; Exhibit B at 24. Moreover, Defendant argues that Etheridge has not produced any additional evidence to show that litigation was reasonably foreseeable beyond Dollar General's failure to follow its own operating procedures. *Id.* at 5.

While adherence to standard operating procedures may be relevant for deciding whether a party who destroyed evidence acted in bad faith, the duty to preserve inquiry correctly asks whether litigation was reasonably foreseeable. *See Coastal Bridge Co., L.L.C.*, 833 F. App'x at 575 ("Adherence to normal operating procedures may counter a contention of bad faith"); *Finkelstein v. Old Evangeline Downs, L.L.C.*, No. 6:22-CV-01180, 2023 WL 4380559, at *3 (W.D. La. July 6, 2023) ("Plaintiff asks the Court to infer [the defendant] acted in bad faith based on [the defendant's] alleged failure to comply with their standard operating procedures"); *Ross v. Lowe's Home Centers, LLC*, 2016 WL 4479509, at *1 ("Plaintiff argues that [the defendant] had a duty to preserve [evidence] because of internal company policies instructing employees to retain any

8

product involved in an incident . . . However, Plaintiff fails to offer evidence to show that Lowe's employees received notice of future litigation or should have known that the fan may be relevant to future litigation.").

This Court is not persuaded that litigation was reasonably foreseeable at the time that Dollar General destroyed evidence. The record reflects that Etheridge got up after she fell and continued her shopping, despite feeling flustered or embarrassed. R. Doc. 18 at 2; Exhibit B at 22. Neither party contends that Plaintiff was visibly injured, or appeared to require medical attention at the time of the fall. Further, Ms. Robertson testified in her deposition that she asked Etheridge if she wanted an incident report filed, but Etheridge allegedly declined.[1] Exhibit B at 24. This case is easily distinguished from *Van Winkle*, where litigation was reasonably foreseeable based on obviously serious injury and the necessity of emergency assistance. 2023 WL 5994138, at *3. Instead, this case can be compared to *Ross*, where the court held that the existence of an incident alone is not enough to make litigation reasonably foreseeable. 2016 WL 4479509, at *1. Because litigation was not reasonably foreseeable in the present case, this court declines to find that the defendant had a duty to preserve evidence at the time it was destroyed. Therefore, Etheredge's request for spoliation sanctions is denied.

b. **Premises Liability**

The circumstances of this case make the question of premises liability factually fraught. There are only two witnesses, Plaintiff Etheridge and Defendant's employee Robertson, which indicates that credibility determinations will play a role in evaluating both fault and comparative fault. On the facts presented in both motions, a reasonable jury could foreseeably find for either or both parties comparatively and therefore the Court will deny both motions for summary judgment.

---

[1] Plaintiff does not appear to contest this fact in her briefings.

## V. CONCLUSION

Accordingly,

Etheridge's Motion for Summary Judgment on Premises Liability and Request for an Adverse-Inference Instruction is **DENIED**, and Dollar General's Motion for Summary Judgment as to Premises Liability is **DENIED**.

*/s/ Eldon E. Fallon*

New Orleans, Louisiana, this 18th day of October, 2023.